```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 18-03124-JJT
Regina M Dreher                                                     Chapter 13
        Debtor                   CERTIFICATE OF NOTICE

District/off: 0314-5          User: LyndseyPr              Page 1 of 1           Date Rcvd: Aug 29, 2018
                              Form ID: pdf002              Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 31, 2018.
db             +Regina M Dreher,    312 North 3rd Street,    Lehighton, PA 18235-1423
5088979       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: Bk Of Amer,    Po Box 982238,    El Paso, TX 79998)
5099178        +Bank of America, N.A.,    P O Box 982238,    El Paso, TX 79998-2284
5088978        +Berkheimer Tax Administrator,    50 North 7th Street,    Bangor, PA 18013-1731
5088980        +Blue Ridge Communications,    613 3rd St,    Palmerton, PA 18071-1520
5088981        +Borough of Lehigton,    1 Constitution Avenue,    Lehighton, PA 18235-2088
5088982        +Donegal Insurance,    1195 River Rd,    Marietta, PA 17547-1638
5088983        +First Commonwealth Fcu,    257 Brodhead Rd,    Bethlehem, PA 18017-8938
5088984        +Global Payments Check,    Po Box 59371,    Chicago, IL 60659-0371
5088985        +Hamilton Law Group,    Po Box 90301,    Allentown, PA 18109-0301
5088986        +Lehighton Area School District,    171 S 4th Street,    Lehighton, PA 18235-2035
5088987         PNC,   300 Fifth Avenue. The Tower at PNC Plaza,    Pittsburgh, PA 15222
5088988        +Pennymac Loan Services,    6101 Condor Dr,    Moorpark, CA 93021-2602
5088991        +UGI,   P.O. Box 15503,    Wilmington, DE 19886-0001
5088993         Wells Fargo,    Credit Bureau Dispute Resoluti Po Box 14,    Des Moines, IA 50306
5088992        +Wells Fargo,    Po Box 5156,    Sioux Falls, SD 57117-5156
5100646         Wells Fargo Bank, N.A.,    Wells Fargo Education Financial Services,
                 PO Box 10438, MAC F8235-02F,    Des Moines, IA 50306-0438
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5088977        +E-mail/Text: bankruptcy@ldf-holdings.com Aug 29 2018 19:17:10     Amplify Funding,    PO Box 542,
                 Lac Du Flambeau, WI 54538-0542
5093981         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 29 2018 19:16:37
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
5088989        +E-mail/Text: bankruptcy@ldf-holdings.com Aug 29 2018 19:17:08     Radiant Cash,    P.O Box 1183,
                 Lac Du Flambeau, WI 54538-1183
5088990         E-mail/Text: bankruptcy@td.com Aug 29 2018 19:16:48     TD Bank,   1701 Marlton Pike E,
                 Cherry Hill, NJ 08034
5091631         E-mail/Text: bkrcy@ugi.com Aug 29 2018 19:17:07     UGI Utilities Inc,    PO Box 13009,
                 Reading PA 19612
                                                                                               TOTAL: 5

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 29, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James    Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              Patrick James Best    on behalf of Debtor 1 Regina M Dreher patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 4
```

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DREHER, REGINA M    :     CHAPTER 13
: 
                                                   :     CASE NO. 18-3124
:
                                                   :     X  ORIGINAL PLAN
                                                   :    ___ AMENDED PLAN
                                                   :    ___ Motions to Avoid Liens
                                                   :     ONE  Motion to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.       **PLAN FUNDING AND LENGTH OF PLAN.**

         **A. Plan Payments From Future Income**

           1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $48,056.40, plus other payments and property stated in § 1B below:

Case 5:18-bk-03124-JJT    Doc 13    Filed 08/11/18    Entered 08/11/18 10:39:10    Desc
Main Document      Page 1 of 6
Case 5:18-bk-03124-JJT    Doc 19    Filed 08/31/18    Entered 09/01/18 00:43:36    Desc
Imaged Certificate of Notice      Page 2 of 7

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (9/2018) | Month 60 (8/2023) | $800.94 | 0.00 | $800.94 | $48,056.40 |
| | | | | Total Payments: | $48,056.40 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

2. **SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.
**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pennymac Loan Services | Residential Dwelling | 1286 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.
☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Pennymac Loan Services | Residential Dwelling | $7,500.00 | 0.00 | $7.500.00 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check one.*

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| First Commonwealth | Residential Dwelling | $12,863.00 | 5.0% | $13,506.15 |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| First Commonwealth | 2016 Jeep | $10,000.00 | 3.9% | $10.390.00 | Plan |

**F. Surrender of Collateral**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

3. **PRIORITY CLAIMS.**

   **A. Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan **($4,000.00 remaining attorney fee plus $0.00 for reimbursement of expenses)**. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c);

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$6,800.00** |
| **PA Dept of Revenue** | **$1,500.00** |
| **Berkheimer** | **$400.00** |
| **Lehighton School District** | **$400.00** |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

4. **UNSECURED CLAIMS**

   **A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines*.

   ☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.
   **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines*.

   ☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☒ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: August 3, 2018                   /s/ Patrick J. Best, Esq.
                                        Attorney for Debtor

                                        /s/ Regina M Dreher
                                        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.