UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| REGINA M. DREHER, | : | CASE NO. 5-18-03124-JJT |
| Debtor | : | |
| | | |
| First Commonwealth Federal Credit Union | : | |
| Movant | : | |
| v. | : | |
| | : | |
| Regina M. Dreher | : | |
| Respondent | : | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

First Commonwealth Federal Credit Union (the "Credit Union"), by and through its undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., objects to the Debtor's Chapter 13 Plan as follows:

1. Regina M. Dreher ("Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on July 27, 2018.

2. The Credit Union is a secured creditor of the Debtor by virtue of a Loan and Security Agreement ("Agreement") dated December 26, 2015 securing a 2016 Jeep Renegade, VIN ZACCJBBT9GGPC52959 ("the Vehicle"), which Agreement has a current outstanding balance in the amount of approximately $23,718.21, including interest and late fees. A true and correct copy of the Agreement is attached as Exhibit "A".

3. The Debtor's Chapter 13 Plan provides for a cramdown of the amount owed to the Credit Union in the amount of $10,000.00.

4. The Debtor's proposed valuation is not supported by the Blue Book value for a vehicle of the same make, model and year and of like condition, which is $16,000.00.

5. The Credit Union is entitled to the replacement cost as the measure of its interest in the Vehicle pursuant to the Supreme Court's decision in <u>Associates Commercial Corp. v. Rash</u>, 520 U.S. 953 (1997).

6. Also, the Debtor's proposed plan does not provide for payment of the pre-petition arrearages due to the Credit Union.

7. As a consequence, the proposed cramdown is improper and the Chapter 13 Plan should not be confirmed.

8. The Credit Union is also a secured creditor of the Debtor by virtue of a Home Equity Note ("Note") dated September 19, 2017, which Note has a current outstanding balance in the amount of approximately $13,174.12, including interest and late fees. A true and correct copy of the Note is attached as Exhibit "B".

9. The Credit Union's security for the debt is a real estate mortgage on the Debtor's home, a copy of which mortgage is attached hereto as Exhibit "C".

10. The rate of interest provided for in the Note is 10.89%.

11. Debtor's Chapter 13 Plan proposes to lower the interest rate on the Note to 5%, without justification.

12. The Debtor may not strip down a mortgage secured by a security interest in real property that is the Debtor's primary residence, unless the claim is wholly unsecured. 11 U.S.C. §1322(b)(2); <u>Nobelman v. American Sovereign Bank</u>, 508 U.S. 324 (1993).

13. In fact, the Debtor's schedules concede that the Credit Union's claim is oversecured by the real estate mortgage. As a result, it is not subject to modification.

14. Moreover, as the holder of an oversecured claim, the Credit Union is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement…" 11 U.S.C.A. § 506(b).

15. Further, the Plan as proposed by the Debtor is not feasible, in violation of 11 U.S.C. § 1325(a)(6). The Debtor's income as disclosed in the Schedules is not sufficient to make the proposed Plan payments.

16. As a consequence, the Chapter 13 Plan should not be confirmed.

WHEREFORE, First Commonwealth Federal Credit Union respectfully requests that this Court enter an Order denying confirmation of the Chapter 13 Plan.

JOSHUA A. GILDEA

FITZPATRICK LENTZ & BUBBA, P.C.
4001 Schoolhouse Lane
P. O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000

Dated: September 13, 2018        By: /s/ Joshua A. Gildea
                                     Attorney for First Commonwealth Federal
                                     Credit Union