# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: REGINA M. DREHER | : | CASE NO.: 5:18-bk-03124-RNO |
| | : | |
| Debtors. | : | CHAPTER 13 |
| | | |
| REGINA M. DREHER, | : | |
| Plaintiff | : | Adversary Proceeding |
| | : | No. |
| v. | : | Complaint for Violation of |
| | : | Automatic Stay |
| STATEWIDE TAX RECOVERY, INC. and | : | |
| STATEWIDE TAX RECOVERY, LLC | : | 11 U.S.C. § 362 |
| 100 North Third Street | : | |
| PO Box 752 | : | |
| Sunbury, PA 17801 | : | |
| Defendants | : | |

## COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND RELATED CLAIMS

AND NOW COMES Plaintiff, Regina Dreher, with Complaint for Violation of the Automatic Stay and other related claims against Defendants, Statewide Tax Recovery, Inc. and Statewide Tax Recovery, LLC, and in support thereof avers:

### Introduction

1. Plaintiff is Debtor, Regina Dreher, an individual with an address of 312 North 3rd Street, Lehighton, PA 18235.

2. Upon information and belief, Defendant Statewide Tax Recovery, Inc., is a Pennsylvania corporation with a principal place of business of 100 North Third Street Sunbury PA 17801.

1

3. Upon information and belief, Defendant Statewide Tax Recovery, LLC, is a Pennsylvania limited liability company with a principal place of business of 100 North Third Street Sunbury PA 17801.

4. Plaintiff believes and therefore avers that the two Defendants are related entities and for the remainder of this Complaint shall be collectively referred to as "Statewide Tax Recovery".

5. The Court has jurisdiction over the proceeding pursuant to Sections 1334, 1367, and 157(b) of Title 28 of the United States Code.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

7. Plaintiff consents to entry of a Final Order in this Adversary Proceeding by the Bankruptcy Court.

8. Plaintiff filed the above-captioned Chapter 13 Bankruptcy case on July 27, 2018 (the "Petition Date").

**Relevant Facts**

9. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

10. Plaintiff filed her Bankruptcy Schedules and Statements on August 6, 2018.

11. On Schedule E/F, Plaintiff listed a number of taxing authorities including the Lehighton Area School District, the Berkheimer Tax Administration, and the Borough of Lehighton (collectively the "Taxing Authorities").

12. On August 1, 2018, the Bankruptcy Noticing Center (BNC) mailed the Notice of Meeting of Creditors to all creditors including the Taxing Authorities.

13. In May 2019, Plaintiff received a letter dated May 22, 2019 from Statewide Tax Recovery requesting that Plaintiff immediately make a payment of a pre-petition debt purportedly related to the Taxing Authorities.

14. On May 30, 2019, through counsel, Plaintiff sent a letter to Statewide Tax Recovery cautioning that Ms. Dreher was under Chapter 13 bankruptcy protection and that the automatic stay applies. Plaintiff further advised that she will consider any further correspondence a willful violation of the automatic stay as well as the Fair Debt Collection Practices Act.

15. On June 20, 2019, Statewide Tax Recovery sent another letter. This letter indicated that Statewide Tax Recovery would be visit Ms. Dreher's personal residence if she did not pay her debt within 10 days.

**COUNT I**
**Plaintiff vs. All Defendants**
**Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362**

16. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

17. The sending of these collection notices constitutes a violation or violations of the automatic stay pursuant to 11 U.S.C. § 362 as this was an act to collect a pre-petition debt.

18. "If a creditor violates the automatic stay, § 362(k)(1) provides that an individual debtor who is 'injured by any willful violation of [the automatic stay] ... shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may

3

recover punitive damages.'" In re Trokie, 590 B.R. 663, 671 (Bankr. M.D. Pa. 2018) (quoting 11 U.S.C. § 362(k)(1)).

19. A "willful" violation of the stay occurs when a creditor violates the stay with knowledge that a bankruptcy petition has been filed. Id. (citations omitted). Such a violation does not require that the creditor intended to violate the automatic stay provision, just that the creditor's act which violated the stay was intentional. In re Johnson, 2019 WL 2122732, at *7 (Bankr. E.D. Pa. May 14, 2019) (citations omitted).

20. In order to establish a claim pursuant to § 362(k)(1), the debtor bears the burden of proving, by a preponderance of the evidence, that "(1) the creditor violated the automatic stay; (2) the violation of the stay was willful; and (3) the willful violation caused the debtor some injury." Id. (citations omitted).

21. Defendant violated the automatic stay by sending notices to collect pre-petition debt.

22. Defendant's violation of the stay was willful insofar as it willfully mailed the notices despite being notified of Ms. Dreher's bankruptcy filing.

23. Defendant's violation of the stay caused injury to the Debtor in a number of ways:

   a. Debtor has suffered extreme emotional distress resulting from concern that her wages would be garnished or that Statewide Tax Recovery would visit her personal residence or place of employment.

   b. Debtor has suffered or will suffer economic damages related to time off work related to the instant litigation.

   c. Debtor has been forced to pay an attorney to file this action in order to stop the harassment from Statewide Tax Recovery.

4

**WHEREFORE**, as Defendants have willfully violated the automatic stay, the Debtor respectfully requests that this Honorable Court enter judgment in her favor.

### COUNT II
### Plaintiff vs. All Defendants
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

24. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

25. Statewide Tax Recovery is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a(6).

26. Statewide Tax Recovery's continued mailing of notices seeking payment of a pre-petition debt violates several provisions of the FDCPA including the prohibition of false or misleading representations. 15 U.S.C. § 1692e.

27. Specifically, the letters are misleading as to the character of the debt. The letter would leave a reader to believe that it is a valid debt when in fact, it is subject to the confirmed Chapter 13 bankruptcy plan.

28. Additionally, Statewide Tax Recovery was informed that Ms. Dreher was represented by counsel and yet they continued to send correspondence to her directly.

29. Each letter sent by Statewide Tax Recovery constitutes a separate violation of the FDCPA.

30. Plaintiff are entitled to actual and/or statutory damages for each violation of the FDCPA. 15 U.S.C. § 1629k.
5

Case 5:18-bk-03124-RNO    Doc 52    Filed 07/03/19    Entered 07/03/19 12:01:36    Desc
Main Document    Page 5 of 7

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FDCPA, Plaintiff requests judgment for actual and/or statutory damages as authorized by statute for each violation as well as attorney's fees and costs.

### COUNT III
### Plaintiff vs. All Defendants
### Violation of the Fair Credit Extension Uniformity Act, 73 P.S. 2270.4

31. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

32. A debt collector's violation of the FDCPA constitutes a per se violation of the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA). 73 P.S. § 2270.4(a).

33. Remedies for violations of the FCEUA include those set forth at 73 § 201-1 et seq. including treble damages and attorney's fees and costs.

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FCEUA, Plaintiff requests judgment for treble damages as authorized by statute as well as attorney's fees and costs.

### COUNT IV
### Plaintiff vs. All Defendants
### Violation of the Unfair Trade Practices and Consumer
### Protection Law (UTPCPL), Pa. Stat. Ann. tit. 73, § 201-1 et seq.,

34. The averments of the prior paragraphs above are incorporated herein by reference as if set out at length.

35. Violations of the FCEUA are per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) of 73 P.S. 73 § 201-1 et. seq. 73 P.S. 2270.5(a).

6

**WHEREFORE**, as Defendants have failed to comply with the provisions of the FCEUA, Plaintiff requests judgment for treble damages as authorized by statute as well as attorney's fees and costs.

Date: <u>July 3, 2019</u>                                /s/ Patrick J. Best
                                                        Patrick J. Best, Esquire
                                                        Attorney for Debtor
                                                        ARM Lawyers
                                                        18 N. 8th St.
                                                        Stroudsburg PA 18360
                                                        570-424-6899